SHUPE v. TEEPLE.

BROKERS—COMMISSIONS—DIRECTED VERDICT.

> Where a broker, in his endeavors to sell a farm, interested a second broker, to whom the owners gave an option and the exclusive agency for selling for a limited period, and also agreed in writing to pay the first broker a commission "upon the sale of the farm," but no sale was made during the life of the option, the first broker is not entitled, as matter of law, to any commission by reason of a sale made entirely through the efforts of the second broker some months after the option expired.

Error to Livingston; Collins (Joseph H.), J. Submitted October 4, 1928. (Docket No. 61, Calendar No. 33,875.) Decided December 4, 1928.

Assumpsit by Joseph J. Shupe against Fred J. Teeple and another for a commission on the sale of defendants' farm. Judgment for defendants on a directed verdict. Plaintiff brings error. Affirmed.

On the question as to when real estate broker considered as procuring cause of sale where several brokers are employed, see annotation in 44 L. R. A. 337; 23 L. R. A. (N. S.) 164; 27 L. R. A. (N. S.) 195.

*Frank C. Sibley,* for appellant.

*Don W. Van Winkle* and *Francis J. Shields,* **for** appellees.

McDONALD, J.   The plaintiff is a real estate broker of the city of Detroit, Michigan.   He has brought this suit to recover a commission on the sale of the defendants' farm.   For about a year prior to May, 1926, the plaintiff had been endeavoring to find a purchaser for the farm in question.   He had no written agreement as to his commission.   He interested one John W. Saliard, a real estate dealer of Romeo, Michigan.   Through plaintiff's efforts, Saliard secured a purchaser's option agreement from the defendants and the exclusive agency for the sale of the farm during the life of the option, a period of approximately 60 days.   This agreement was executed on May 8, 1926.   Shortly thereafter the defendants gave the plaintiff a writing in which they agreed to pay him a commission of $1,000 "upon the sale of the farm."   No sale was made by Saliard during the life of the option.   Some months thereafter he presented a purchaser satisfactory to the defendants and the sale was consummated.   The defendants refused to pay the plaintiff a commission. He brought this suit.   At the close of his proof, the court directed a verdict of no cause of action on the ground that the plaintiff had not performed any service that entitled him to the commission.   To review the judgment entered, he has brought error.

It is not claimed by the plaintiff that he had any part directly with the negotiations that brought about the sale.   It is undisputed that it was consummated solely through the efforts of Mr. Saliard.   But it is claimed by the plaintiff that by his efforts he set in motion a chain of events which finally cul-

minated in the sale of the property and in that sense was its procuring cause. The agreement to pay the plaintiff a commission was made after the option and exclusive agency was granted to Saliard. The defendants knew that the sale must be made through Saliard. Knowing this, they agreed to pay the plaintiff a commission if the farm was sold. If a sale had been effected during the life of the option, there would be no question as to the plaintiff's right to the commission, though he had no part in procuring the purchaser. But the option expired and Saliard's agency terminated before the sale was made. With it terminated the plaintiff's right to a commission from Saliard's success in procuring a purchaser. The chain of events which he had set in motion culminated then and there without results in effecting the sale. From that time forward, his right to a commission depended on his own efforts. He must procure a purchaser ready, willing, and able to buy on the defendants' terms. It is conceded that he did not do so. The purchaser was procured solely through the efforts of Mr. Saliard. In his endeavor to find a purchaser for the farm, the plaintiff did much work for which he has received no compensation. He did set in motion a chain of events which might have but did not culminate in a sale of the property. Therefore, it cannot be said that in any sense he was the procuring cause of the sale. In view of the undisputed facts and the law applicable thereto, the trial court was not in error in directing a verdict and judgment for the defendants.

The judgment is affirmed, with costs to the defendants.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.